By the Court.
Hoffman, J.
—The plaintiff and the defendant one Burrows and one Dawson, were partners. They dissolved, and the proof is sufficient, that they agreed through certain persons, called arbitrators, to make a distribution of their assets, giving to each in severalty, certain notes and accounts, part thereof. This was accomplished, and an account against Bugbie & Terrill, owing to the firm, and part of the assets, was allotted to, and vested in the present plaintiff.
The defendant, one of the partners, got the amount of this demand from the debtors. His partnership power (the dissolution and agreement being unknown), enabled him to do so.
*455 The action is to compel him to pay the amount, over to the plaintiff.
All these facts being established, the right to recover seems indisputable. The objection, that there remain some accounts not divided, deemed desperate, and from which something may perchance be received, is no answer. The firm was broken up.
We may assume that there was but a partial division. So far as that went, it severed the unity of property, and made it absolute and entire in each partner, to whom the particular demand was allotted.
There is in fact but one question, deserving notice in the cause. One of the partners, Thomas Burrows, was called as a witness for the plaintiff, and his evidence tended to prove the fact of the division and allotment among other things. The defendant Uichols then offered himself as a witness to the same matters to which Burrows had been examined, on the ground, that he was an assignor of the plaintiff of the thing in action, .or contract in question in the action. The witness was objected to, rejected, and an exception taken. It is insisted that under the 399th section of the Code, he ought to have been admitted.
The original thing in action or contract, was the debt of Bugbie & Terrill, owing to the firm. The other partners sold and transferred this to the plaintiff) that is, their interest in it. Had the plaintiff sued Bugbie & Terrill, the question would fairly have arisen, whether the defendant could not have been a witness, when Burrows was examined. But the claim and cause of action here is not that thing in action, or contract of those debtors, but a demand against this defendant, for improperly receiving the amount. The title to the property had got into the plaintiff, and the defendant has wrongfully obtained it. (See Hall v. Robinson, 2 Comst., 293.) The exception is not well taken. (McGinn v. Worden, 3 E. D. Smith, 355.)
The judgment must be affirmed, with costs.
Judgment accordingly.